IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRADFORD COUNTY
BRANCH OF THE NAACP, *et al.*,

   *Plaintiffs*,

v.                                                    Case No. 86-6-Civ-J-14

BRADFORD COUNTY, FLORIDA, *et al.*,

   *Defendants*.
_____/

## PARTIES' JOINT MOTION TO REOPEN THE COURT FILE

The Parties file this joint motion, respectfully requesting that this Court reopen the file in this case, for the reasons set forth in the following Memorandum.

## MEMORANDUM

### A. Background of the Case

1.    On January 3, 1986, the Bradford County Branch of the NAACP, along with individual plaintiffs Elizabeth G. Walker, Jimmie L. Scott, Carolyn B. Spooner, and Maurice J. White, filed this class action suit against Bradford County and its five county commissioners. (Compl., Doc. 1.) Plaintiffs alleged that the at-large election system for the County Commission then in place illegally excluded Black representation and participation, canceling out Black voting strength in violation of their rights protected by the Voting Rights Act. (*Id.* ¶ 1.)

2.    This suit was one of a trio of voting rights cases challenging at-large elections in Bradford County, the other two being *Bradford County Branch of the NAACP*

1

*v. City of Starke*, No. 86-5-Civ-J-12, and *Bradford County Branch of the NAACP v. Bradford County School Board*, No. 86-4-Civ-J-12.

3. On March 27, 1986, upon motion by Plaintiffs, this Court certified a class of "black citizens of Bradford County, Florida." (Class Cert. Order, Doc. 6.)

4. The Court, Judge Susan H. Black, entered a consent decree on July 3, 1986, enjoining the County from conducting elections on an at-large basis and ordering it to implement the specific districting plan agreed to by the Parties, including one district (District 1) with a majority of Black voters and residents. (Final J. ¶¶ 3–7, Doc. 15.) The consent decree "set[] forth the mechanism and plan schedule for the Bradford County Commission, Florida, to conduct future elections for the members of the County Commission" and "adopted and incorporated" the agreed plan as the remedy. (*Id.* ¶ 7.)

5. The Final Judgment remains in effect today, binds Defendants, and serves as an adjudication of the rights of class members.

### B. The 2023 Redistricting Process

6. Following the publication of the 2020 U.S. Census, the County analyzed its district map and determined that the County had experienced significant population shifts, resulting in substantial inequality of population between the five districts.

7. With input and support from Plaintiffs—one of whom is now a county commissioner—and in collaboration with the Bradford County School Board (whose district boundaries are identical), the County Commission developed a new district map, fulfilling its duty to adjust the district boundaries from time to time when

population changes necessitate, *see, e.g., Avery v. Midland Cnty.*, 390 U.S. 474 (1968); *Brown v. Thomson*, 462 U.S. 835 (1983); FLA. CONST. art. VIII, § 1(e), while also complying with the mandates of the Voting Rights Act.

### C. Limiting Reopening of the Case

8. The Parties now request that the Court reopen the file in this case so that the Final Judgment can be amended to conform to this new, updated redistricting plan.

9. Along with this Motion, the Parties have jointly moved for modification of judgment pursuant to Federal Rule of Civil Procedure 60(b)(6), to permit the County to update its redistricting map in accordance with the 2020 Census and the Voting Rights Act.

10. Additionally, Plaintiffs have filed an unopposed motion to substitute the Florida State Conference of Branches and Youth Units of the NAACP ("Florida NAACP") as a Plaintiff in this matter, in lieu of one original plaintiff, the Florida NAACP's now-dormant Bradford County Branch.

11. The Parties do not anticipate any contested issues during this short reopening of the case, nor do they plan to request any hearing or other conference.

12. The relief the Parties request is similar to that granted in other Voting Rights Act cases, where local governments and plaintiffs have sought agreed-to updates to court-ordered redistricting maps following the release of new census figures. *See, e.g., Bradford Cnty. Branch of NAACP v. City of Starke*, No. 3:86-cv-5-MMH-LLL (M.D. Fla. May 24, 2022) (ECF 10); *Glenn v. Jackson Cnty.*, Case No. 5:84-CV-2110-RV (N.D. Fla. Mar. 15, 2022) (ECF 72); *Glenn v. Jackson Cnty. Sch. Bd.*, Case No. 5:84-

CV-2109-RV (N.D. Fla. Feb. 16, 2022) (ECF 54); *Tallahassee Branch of the NAACP v. Leon Cnty.*, Case No. 4:83-CV-7480-WS (N.D. Fla. Dec. 20, 2021) (ECF 147, 150, 152) (orders granting motions to modify judgment).

13.  Contemporaneous with the filings in this case, nearly identical filings have been submitted in the companion case against the Bradford County School Board, *Bradford County Branch of the NAACP v. Bradford County School Board*, No. 86-4-Civ-J-12.

**WHEREFORE**, the Parties respectfully request that the Court grant their Joint Motion to Reopen the Court File.

Respectfully submitted this 2nd day of August, 2023,

/s/ Nicholas Warren
Nicholas L.V. Warren (FBN 1019018)
**ACLU Foundation of Florida, Inc**.
336 East College Ave., Suite 203
Tallahassee, FL 32301
(786) 363-1769
nwarren@aclufl.org

Daniel B. Tilley (FBN 102882)
Caroline A. McNamara (FBN 1038312)
**ACLU Foundation of Florida, Inc**.
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-2714
dtilley@aclufl.org
cmcnamara@aclufl.org

*Counsel for the Class
and the Florida NAACP*

/s/ Richard Komando
Richard C. Komando (FBN 181366)
**Bradley, Garrison & Komando, P.A.**
1845 East West Parkway, Suite 6
Fleming Island, FL 32003
(904) 269-1111
rich@claylawyers.com

*Counsel for Defendants*

4