

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRADFORD COUNTY BRANCH OF THE
NAACP, ELIZABETH G. WALKER,
JIMMIE L. SCOTT, CAROLYN B.
SPOONER and MAURICE J. WHITE,
on behalf of themselves and all
others similarly situated,

    Plaintiffs,

vs.              CIVIL ACTION NO. 86-6-CIV-J-14

BRADFORD COUNTY, FLORIDA,
COUNTY COMMISSIONERS:
MAXIE CARTER JR., CHAIRMAN;
E. L. NORMAN; E. W. HODGES JR.,
LAWRENCE MOSLEY and WILBUR L. WATERS,
their successors and agents, all in
their official capacity.

    Defendants.
_____/

## FINAL JUDGMENT

On January 3, 1986, the above named Plaintiffs filed their Complaint against the above named Defendants alleging that at-large county-wide voting for members of the Bradford County Commission excludes black representation and participation and minimizes and cancels out black voting strength in violation of their rights secured by the Voting

Page One of Five Pages



Rights Act of 1965, as amended, Pub. L. No. 97-205, Section 3, 96 Stat. 134 (1982), amending 42 U.S.C. Section 1973, et. seq. (hereinafter "Voting Rights Act").

The Court, having reviewed the status of this action, and being aided by the recommendations of the Plaintiffs' and Defendants' counsel, and being of the opinion that the best interest of all the parties and all the citizens of Bradford County, Florida, would be served by approving the Final Judgment, and the Court having reviewed the Final Judgment tendered by Plaintiff's and Defendant's counsel, finds that said Judgment was entered into voluntarily by the parties, and that it should be approved.

IT IS THEREFORE, ADJUDGED AND DECREED AS FOLLOWS:

1. This decree extends to all issues relating to both liability and remedy phases of this case as set forth in the Complaint in this matter and to the class of Plaintiffs defined as all black residents of Bradford County, Florida.

2. This Court has jurisdiction over the subject matter of this action and the parties thereto.

3. That due to a series of factors, the at-large election system for the Bradford County Commission has had the effect of diluting black voting strength in violation of Plaintiffs' rights under the Voting Rights Act.

It is Defendants submission that these factors were beyond the control of the individually named Defendants. It is Plaintiffs submission that these factors were within the control of the individually named Defendants.

4. That pursuant to Florida law, the Bradford County Commission has provided for the election of all its members through at-large elections.

5. This Court enters a Declaratory Judgment finding that the Plaintiffs have not had full access to the political process under the Voting Rights Act as amended in 1982.

6. Defendants are enjoined from providing county-wide at-large elections in a manner which violates the Voting Rights Act.

7. The attached "Election Plan," Appendices 1 through 4, sets forth the mechanism and plan schedule for the Bradford County Commission, Florida, to conduct future elections for the members of the County Commission in accordance with the Voting Rights Act.

Page Three of Five Pages

Therefore, the Court finds that the "Election Plan" as submitted is a proper remedy in this action, and is adopted and incorporated by reference into this Final Judgment as attached. All elections henceforth will proceed on a single district basis; that is, all candidates in future elections must reside in the residence area for which they seek election and only voters in that particular residence area shall cast ballots for the particular candidate running in that area.

8. (a) It is determined that Plaintiffs are the prevailing party in this action, pursuant to the Voting Rights Act of 1965, as amended, 42 U.S.C. Section 1973(e), and Civil Rights Attorney Fees Awards Act of 1976, 42 U.S.C. Section 1988.

(b) The parties will attempt to resolve the amount of Plaintiffs' attorney fees and litigation expense reimbursement. In the event the parties have resolved this issue, the Court shall be so informed and all attorney fees and costs for Plaintiffs' counsel shall be payable to Plaintiffs by Defendants within twenty (20) days after the execution of the Final Judgment.

(c) In the event the parties have not agreed to these matters, Plaintiffs shall file with the Court within

twenty (20) days from issuance of the Court's Final Judgment appropriate fee/expense submissions and accompanying memoranda as to these issues. Defendants shall respond within twenty (20) days from Plaintiffs' filing. The Court shall then enter appropriate Order granting Plaintiffs' attorney fees and litigation expenses consistent with the parties' submissions.

9. Upon the parties or this Court resolving the matter of attorney fees and litigation expenses, this litigation is deemed closed and removed from the pending docket of this court.

ORDERED AND ADJUDGED this __3__ day of __July__, 1986.

_____
UNITED STATES DISTRICT JUDGE

AGREED AND CONSENTED TO:

_____
JAMES R. FLYNN, ESQUIRE
405 West Georgia Street
Starke, Florida 32091
[904] 964-4667

ATTORNEY FOR DEFENDANTS

DATED: 6/18/86

_____
DAVID M. LIPMAN, ESQUIRE
5901 S. W. 74th Street
Suite 304
Miami, Florida 33143-5186
[305] 662-2600

ATTORNEY FOR PLAINTIFFS

DATED: 6/23/1986

Page Five of Five Pages

## APPENDIX 1

MAP OF ELECTION RESIDENCE AREAS





DETAIL MAP OF THE DIVISION OF THE CITY OF STARKE BY THE BRADFORD COUNTY SINGLE MEMBER DISTRICTS

APPENDIX 2

BRADFORD COUNTY

DEMOGRAPHIC DATA REFLECTING POPULATION
AND VOTED REGISTRATION BY RESIDENCE AREA

Population*

|  | District | Total** | White (%) | Black (%) |
|---|---|---|---|---|
| Blue | I | 3,629 | 1,671 (46.1) | 1,914 (52.7) |
| Orange | II | 3,806 | 3,301 (87.5) | 424 (11.1) |
| Yellow | III | 3,774 | 3,458 (91.6) | 284 ( 7.5) |
| Green | IV | 3,627 | 3,336 (92.0) | 274 ( 7.6) |
| Purple | V | 3,746 | 3,294 (87.9) | 436 (11.6) |
|  | TOTALS | 18,582 | 15,060 (81.0) | 3,332 (17.9) |

Registered Voters***

|  | District | Total | White (%) | Black (%) |
|---|---|---|---|---|
| Blue | I | 1,312 | 623 (47.5) | 689 (52.5) |
| Orange | II | 1,649 | 1,454 (88.2) | 195 (11.8) |
| Yellow | III | 1,215 | 1,096 (90.2) | 119 ( 9.7) |
| Green | IV | 1,643 | 1,568 (95.4) | 75 ( 4.6) |
| Purple | V | 1,650 | 1,592 (96.5) | 58 ( 3.5) |
|  | TOTALS | 7,469 | 6,333 (85.0) | 1,136 (15.0) |

*Population based on 1980 United States Census

**Population Totals Include Persons of Other Origins

***Registered Voters estimated from the 12/30/85 Bradford
   County Supervisor of Elections Record of Registered Voters

# APPENDIX 3

## SCHEDULE OF NEW ELECTIONS

Election of County Commissioners shall occur under their regularly scheduled progression, which is as follows:

1. District 1:    1988 General Election

2. District 2:    1986 General Election

3. District 3:    1988 General Election

4. District 4:    1986 General Election

5. District 5:    1988 General Election

# APPENDIX 4

## LEGAL DESCRIPTION OF ELECTION PLAN

DISTRICT NO. 1

      Beginning at the Point of Intersection of the Bradford-Clay County Line, and State Road No. 200 (U.S. 301), run thence Southerly along the Bradford-Clay County Line to its intersection with State Road No. 16; run thence Westerly along State Road No. 16 to its intersection with the Seaboard Systems Railroad; run thence Northerly along the Seaboard Systems Railroad to the Northerly Boundary of the City Limits of the City of Starke; run thence Westerly along the Northerly Boundary of the City Limits of the City of Starke to its intersection with State Road No. 16; run thence Northwesterly along State Road No. 16 to its intersection with County Road No. 233 (Morgan Road); run thence Easterly along County Road No. 233 (Morgan Road) to its intersection with State Road No. 200 (US 301); run thence Northerly along State Road No. 200 (US 301) to its intersection with the Bradford-Clay county line, the said point of beginning.

DISTRICT NO. 2

Beginning at the Point of Intersection the Bradford-Clay County Line and State Road No. 200 (U.S. 301); run thence Northerly along the Bradford-Clay County Line to its intersection with the Bradford-Baker County Line; run thence Westerly along the Bradford-Baker County Line to the Bradford-Union County Line (New River); run thence Southerly along the Bradford-Union County Line (New River) to its intersection with County Road No. 229; run thence Southeasterly along County Road No. 229 to its intersection with County Road No. 225 (Bayless Highway); run thence Southerly along County Road No. 225 (Bayless Highway) to its intersection with State Road No. 100; run thence Easterly along State Road No. 100 to its intersection with the Westerly City Limits of the City of Starke as it existed in 1970; run thence Northerly along the Westerly City Limits of the City of Starke to the Southerly Boundary of Section 20, Township 6 South, Range 22 East; run thence Easterly and Northerly along the City Limits of the City of Starke to its intersection with County Road No. 229; run thence Easterly along County Road No. 229 to its intersection with State Road No. 16; run thence Easterly along State Road No. 16 to its intersection with the Seaboard Systems Railroad; run thence Northerly along the Seaboard Systems Railroad to the Northerly Boundary of the City Limits of the City of Starke; run thence Westerly along the Northerly Boundary of the City Limits of the City of Starke to its intersection with State Road No. 16; run thence Northwesterly along State Road No. 16 to its intersection with County Road No. 233 (Morgan Road); run thence Easterly along County Road No. 233 (Morgan Road) to its intersection with State Road No. 200 (U.S. 301); run thence Northerly along State Road No. 200 (US 301) to it's intersection with the Bradford-Clay county line, the said point of beginning.

DISTRICT NO. 3

Beginning at the Point of Intersection of the Bradford-Clay County Line and State Road No. 16; run thence Westerly along State Road No. 16 to its intersection with County Road No. 229; run thence Westerly along County Road No. 229 to its intersection with the Westerly Boundary of the City Limits of the City of Starke; run thence Southerly, Westerly and Southerly, along the City Limits of the City of Starke to its intersection with State Road No. 100; run thence Easterly along State Road No. 100 to its intersection with State Road No. 200 (U.S. 301); run thence Easterly and Southerly along State Road No. 100 to its intersection with the Southerly most end of County Road No. 100-A (Griffis Loop); run thence Northerly along County Road No. 100-A (Griffis Loop) to its intersection with the Seaboard Systems Railroad (Camp Blanding/Dupont Spur); run thence Southeasterly along Seaboard Systems Railroad (Camp Blanding/Dupont Spur) to the Bradford-Clay County Line; run thence Northerly along the Bradford-Clay County Line to its intersection with State Road No. 16, the said Point of Beginning.

DISTRICT NO. 4

Beginning at the Point of Intersection of the Bradford-Clay County Line and the Seaboard System Railroad (Camp Blanding/Dupont Spur); run thence Southerly along the Bradford-Clay County Line to its intersection with the Bradford-Putnam County Line; run thence Westerly along the Bradford-Putnam County Line to its intersection with the Bradford-Alachua County Line; run thence Westerly along the Bradford-Alachua County Line to its intersection with the Sampson River; run thence Northerly along the Sampson River to its intersection with County Road No. 18; run thence Easterly and Northeasterly along County Road No. 18 to its intersection with County Road No. 227; run thence Northeasterly along County Road No. 227 to its intersection with State Road No. 200 (U.S. 301); run thence Southerly along State Road No. 200 (U.S. 301) to its intersection with County Road No. 221; run thence Southerly along County Road No. 221 to its intersection with County Road No. S.E. 34th Avenue (Meng's Dairy Road); run thence Easterly along County Road No. S.E. 34th Avenue (Meng's Dairy Road) to its intersection with State Road No. 100; run thence Northerly along State Road No. 100 to the Southerly intersection with County Road No. 100-A (Griffis Loop); run thence Northerly along County Road No. 100-A (Griffis Loop) to its intersection with Seaboard Systems Railroad (Camp Blanding/Dupont Spur); run thence Southeasterly along Seaboard Systems Railroad (Camp Blanding/Dupont Spur) to the Bradford-Clay County Line, the said Point of Beginning.

DISTRICT No. 5

Beginning at the Point of Intersection of State Road No. 100 and State Road No. 200 (US 301); run thence Easterly and Southerly along State Road No. 100 to its intersection with County Road SE 34th Avenue (Meng's Dairy Road); run thence Westerly along County Road No. SE 34th Avenue (Meng's Dairy Road) to its intersection with County Road No. 221; run thence Northerly along County Road No. 221 to its intersection with State Road No. 200 (US 301); run thence Northerly along State Road No. 200 (US 301) to its intersection with County Road No. 227; run then Southwesterly along County Road No. 227 to its intersection with County Road No. 18; run thence Southerly along County Road No. 18 to its intersection with the Sampson River; run thence Southerly along the Sampson River to the Bradford-Alachua County Line (Santa Fe River); run thence Westerly along the Bradford-Alachua County Line to its intersection with the Bradford-Union County Line (New River); run thence Northerly along the Bradford-Union County Line (New River) to its intersection with County Road No. 229; run thence Southeasterly along County Road No. 229 to its intersection with County Road No. 225 (Bayless Highway); run thence Southerly along County Road No. 225 (Bayless Highway) to its intersection with State Road No. 100; run thence Easterly along State Road 100 to its intersection with State Road 200 (US 301), the said Point of Beginning.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**FILED IN OPEN COURT**

JUL 3 1986

CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

### CLERK'S MINUTES

HONORABLE SUSAN H. BLACK, UNITED STATES DISTRICT JUDGE

COURT REPORTER: EVELYN ALDERMAN        COURTROOM DEPUTY: GARRY W. RANDOLPH

ATTORNEY(S) FOR GOVT/PLTF:              ATTORNEY(S) FOR DEFENDANT(S):
                                        JAMES R. FLYNN, ESQ.

PROCEEDINGS OF FAIRNESS HEARING:

Parties to the litigation were present and no one opposed the entry of the Final Judgment.

The Court requested counsel to file a copy of the publication in the court file.

Final Judgment entered and filed in open court.

CASE NO. 86-6-Civ-J-14                  DATE: 7-3-86

STYLE: BRADFORD COUNTY BRANCH OF THE NAACP, et al. vs.
       BRADFORD COUNTY, FLORIDA, et al.

TIMES: 10:00 - 10:30                    TOTAL: .30